COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Humphreys and Agee
Argued at Chesapeake, Virginia


SHARIF RANI McCOY

MEMORANDUM OPINION[*] BY
v.    Record No. 1475-01-1      JUDGE ROBERT J. HUMPHREYS
                                    JULY 30, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles D. Griffith, Jr., Judge

Patricia B. Dickey for appellant.

Linwood T. Wells, Jr., Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Sharif Rani McCoy appeals the revocation of his probation for

his January 13, 2000 conviction for possession of cocaine and the

resulting sentence imposed by the trial court.  Specifically,

McCoy contends that the trial court abused its discretion by

sentencing him to a sentence in excess of that ordered by the

trial court on the underlying conviction.  For the reasons that

follow, we affirm.

On March 20, 2001, the trial court issued a show cause order

to McCoy, directing him to show cause why his two-year suspended

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.  Further, because this memorandum
opinion has no precedential value, we recite only those facts
necessary to our holding.

sentence and probation for a January 16, 2001 conviction for possession of cocaine should not be revoked.  After a hearing conducted on May 4, 2001, the trial court found McCoy had violated the terms of his probation.  The court then revoked his probation and sentenced him to serve his suspended prison term of two years and to be "subject to a period of post-release supervision for a period of [one] year."[1]  McCoy raised no objection to the trial court's findings, nor to the imposed sentence.

---

[1] See Code § 19.2-295.2(A), which provides in pertinent part:

> At the time the court imposes sentence upon a conviction for any felony offense committed (i) on or after January 1, 1995, the court may, and (ii) on or after July 1, 2000, shall, in addition to any other punishment imposed if such other punishment includes an active term of incarceration in a state or local correctional facility, except in cases in which the court orders a suspended term of confinement of at least six months, impose a term of postrelease supervision of not less than six months nor more than three years, as the court may determine.  Such additional term shall be suspended and the defendant placed under postrelease supervision upon release from the active term of incarceration.  The period of supervision shall be established by the court; however, such period shall not be less than six months nor more than three years.

See also Allard v. Commonwealth, 24 Va. App. 57, 67, 480 S.E.2d 139, 144 (1997) ("Code § 19.2-295.2 applies to both bench and jury trials.  The language is expansive and inclusive, not limiting and exclusive.").

-

On appeal, McCoy contends that the trial court's imposition of the one-year period of post-release supervision was improper as it exceeded the terms of his original sentence.  However, as noted above, McCoy failed to raise such an objection during the proceedings before the trial court.  Further, he raised no objection by subsequent motion.  Accordingly, his appellate contention is procedurally barred, as we find no basis to invoke the ends of justice exception to Rule 5A:18.[2]  Thus, the judgment of the trial court is affirmed.

Affirmed.  

---

[2] See Rule 5A:18.

-